IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY HOLDER,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-01751 LJO JLT<br><br>ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 15) |

Before the Court is the stipulation of the parties to amend the scheduling order. (Doc. 15) In the stipulation, the parties report that because Plaintiff's medical condition is not yet permanent and stationary and is having ongoing consultation with medical specialists, they need 45 days additional time to complete discovery. Id. at 2. Though they provide analysis under Local Rule 144, the stipulation fails to demonstrate good cause for the requested extension. For the reasons discussed below, the Court **DENIES** the stipulation to amend the scheduling order.

**I.  The Scheduling Order**

On February 16, 2011, the Court issued the scheduling order in this case. In it, the Court notified the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief**

1

**requested.**

(Doc. 13 at 7.)  Upon this backdrop, the Court will consider the parties' request.

## II.   Analysis

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b).  In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

In the current stipulation the parties report that Plaintiff's condition has continued to require ongoing medical care.  Doc. 15 at 2.  They report that Plaintiff will undergo a consultation with a neurosurgeon on August 3, 2011.  <u>Id</u>.  This consultation may require additional future medical treatment but certainly will require the parties to obtain these new medical records and may require them to take the deposition of this medical specialist.  <u>Id</u>.  The parties contend that this additional information is needed for them to evaluate settlement positions and to determine whether dispositive motions are appropriate.  <u>Id</u>. at 3.

Also absent from the stipulation is any discussion why the parties believe that the Plaintiff's need for ongoing medical care is an "unanticipated" situation not known to them at the time of the scheduling conference. <u>Jackson</u>, 186 F.R.D. at 608.  Therefore, because the stipulation fails to comply with Rule 16 and fails to provide good cause for the requested extension of the discovery

1  deadlines set forth in the scheduling order, the request is **DENIED WITHOUT PREJUDICE**.
2  Should the parties decide to re-file their request, they SHALL demonstrate good cause for the
3  requested extension and are strongly encouraged to propose a modified schedule that maintains the
4  current dispositive motion filing and hearing dates.
5  IT IS SO ORDERED.
6  Dated:   **August 3, 2011**                                      /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE